MICHAEL C. SULLIVAN (SBN 131817)
email: msullivan@paulplevin.com
AARON A. BUCKLEY (SBN 202081)
email: abuckley@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
401 B Street, Tenth Floor
San Diego, California 92101-4232
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendant PACIFIC BELL DIRECTORY

FILED

2008 MAY 16  PH 2: 31

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____KNA_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANNIE SCIBORSKI,

Plaintiff,

v.

PACIFIC BELL DIRECTORY and
DOES 1 through 25, inclusive,

Defendants.

CASE NO. '08 CV 0878 WQH RBB

**NOTICE OF REMOVAL OF CIVIL
ACTION UNDER 28 U.S.C. § 1441(b)**

**[Federal Question]**

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF ANNIE

SCIBORSKI AND HER ATTORNEYS OF RECORD:

　　　　PLEASE TAKE NOTICE that Defendant Pacific Bell Directory ("Defendant")

hereby removes the above-referenced case from the Superior Court of the State of

California, County of San Diego, to the United States District Court for the Southern

District of California.

　　　　The grounds for removal are as follows:

　　　　1.　　　　On or about April 7, 2008 plaintiff filed an action in the Superior Court of

the State of California, County of San Diego, entitled *Annie Sciborski v. Pacific Bell

Directory*, Case No. 37-2008-00081581-CU-OE-CTL. Defendant was served with the

complaint on April 17, 2008. A copy of the summons and complaint and related

documents are attached as Exhibit 1.

ORIGINAL

2.    On May 16, 2008, defendant filed an answer to plaintiff's complaint.  A copy of the answer is attached as Exhibit 2.

3.    Other than the Exhibits 1 and 2, defendant is unaware of any other documents in the state court case file.

4.    This action is a civil action over which this court has original jurisdiction under 28 U.S.C. section 1331.  This action may be removed by defendant pursuant to the provisions of 28 U.S.C. section 1441(b), because it is a civil action founded on a claim that is completely preempted under section 301 of the Labor Management Relations Act, codified at 29 U.S.C. section 185, as explained below.

5.    Plaintiff's employment with defendant was at all times covered by a collective bargaining agreement ("CBA") between plaintiff's union, the International Brotherhood of Electrical Workers, AFL-CIO Local Union 2139, and defendant.  The CBA governed plaintiff's employment, wages, and provided for arbitration of all disputes related to plaintiff's employment and termination.

6.    Plaintiff's complaint alleges that defendant failed to pay plaintiff all wages due to plaintiff in violation of a contract, and that defendant constructively terminated plaintiff's employment.  Plaintiff's complaint is completely preempted as a matter of federal labor law, as the only contract that governed plaintiff's employment is the CBA described above.  Because interpretation of the CBA is necessary for the adjudication of plaintiff's claims, section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. section 185, preempts plaintiff's state law claims.  *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997-999 (9th Cir. 1987).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

1    7.    On the date specified below, a copy of this notice is being served on plaintiff

2  and is being filed with the Clerk of the Superior Court for the State of California for the

3  County of San Diego.

4

    Dated: May 16, 2008                    PAUL, PLEVIN, SULLIVAN &
5                                          CONNAUGHTON LLP

6
                                           By: _____
7                                              MICHAEL C. SULLIVAN
                                               email: msullivan@paulplevin.com
8                                              AARON A. BUCKLEY
                                               email: abuckley@paulplevin.com
9                                              Attorneys for Defendant
                                               PACIFIC BELL DIRECTORY
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

*l117@2:25p*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PACIFIC BELL DIRECTORY and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANNIE SCIBORSKI

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
Clerk of the Superior Court

APR 0 7 2008

By: **J. Krigbaum**.Clerk

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Hall of Justice
330 West Broadway
San Diego, California 92101

**CASE NUMBER:**
*(Número del Caso):* 37-2008-00081581-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua D. Gruenberg, 2169 First Avenue, San Diego, California 92101

DATE: **APR 0 7 2008**    Clerk, by _____ *J. Krigbaum* _____ , Deputy
*(Fecha)*                 *(Secretario)*                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* *Pacific Bell Directory*

under: [✓] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)        [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

1   JOSHUA D. GRUENBERG (#163281)
    LARABEE & GRUENBERG
2   2169 First Avenue
    San Diego, California 92101
3   Phone: (619) 230-1234; Fax: (619) 230-1074

4   ZACHARY T. TYSON (#211185)
    TYSON & TYSON, LLP
5   2550 Fifth Avenue, 9th Floor
    San Diego, California 92103
6   Phone: (619) 237-9292; Fax: (619) 615-2173

7   Attorneys for ANNIE SCIBORSKI

8

F I L E D
Clerk of the Superior Court

APR 0 7 2008

By: J. Krigbaum, Clerk

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

11  ANNIE SCIBORSKI,                    Case No.  37-2008-00081581-CU-OE-CTL

12              Plaintiff,              ANNIE SCIBORSKI'S COMPLAINT FOR:

13      v.                                  (1) Willful Refusal to Pay Wages
                                            (2) Breach of Contract
14  PACIFIC BELL DIRECTORY and DOES 1       (3) Constructive Discharge in Violation of
    through 25, inclusive,                      Public Policy
15
16              Defendants.            **JURY TRIAL DEMANDED**

17

18
        Plaintiff ANNIE SCIBORSKI ("Ms. Sciborski" or "Plaintiff") alleges as follows:
19
                        <u>**PARTIES, JURISDICTION, AND VENUE**</u>
20
        1.  Ms. Sciborski is an individual residing in San Diego County, California.
21
        2.  On information and belief, at all relevant times stated herein, Defendant
22
    PACIFIC BELL DIRECTORY (hereinafter referred to as "PAC BELL" or "Defendant") is a
23
    business entity, form unknown.  On information and belief, PAC BELL is qualified to and
24
    is doing business in the State of California.
25
        3.  At all relevant times, Ms. Sciborski was employed by Defendants at their office
26
    located at 2375 Northside Drive, San Diego, California.
27
        4.  The true names and capacities of Defendants sued under the fictitious names
28
    DOES 1 through 25 are unknown and, on information and belief, each such defendant

*(left margin)* TYSON & TYSON, LLP
2550 FIFTH AVENUE, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92103

1
COMPLAINT

contributed to and is responsible for the events and damages alleged below.   Plaintiff will seek to amend this complaint to set forth the true names and capacities of such defendants when they become known.

5.  On information and belief, at all relevant times each of the Defendants, including DOE defendants, was the agent or employee of each of the other Defendants, and at all times was acting within the scope and authority of said agency or employment.

### GENERAL ALLEGATIONS

6.  On or about October 31, 2005, Ms. Sciborski was hired by Defendant to work as an advertising consultant selling Yellow Page ads.

6.  As an employee, Ms. Sciborski was paid approximately $422 per week plus a commission on her sale of advertisements.  Throughout the period of her employment, Ms. Schiborski worked loyally and competently for Defendants.

6.  On or about April of 2007, Ms. Sciborski was assigned the account Expert Home Services.  Ms. Sciborski processed the account and sold advertising for approximately $800.00 dollars.

6.  Sometime over the Summer of 2007, Ms. Sciborski contacted the owner of Expert Home Services and discussed expanding their advertising to the East and Southern County books.  Ms. Sciborski put together an advertising program and met with Expert Home Services.  Following her meeting, Ms. Sciborski modified, re-worked and sold the ad program for a total sales price of $23,256.00

6.  Thereafter, Defendant informed Ms. Sciborski that there had been a system error and that Expert Home Services account should not have been assigned to her.  Without notification, Defendant debited Ms. Sciborski for $36,125.50 and began making deductions on her payroll.

6.  Ms. Sciborski disputed the payroll deductions and demanded an explanation as to why she was given no notice of the deduction on her payroll.  On April 2, 2008, Ms. Sciborski resigned from her employment with Defendant.

TYSON & TYSON, LLP
2550 FIFTH AVENUE, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92103

## FIRST CAUSE OF ACTION

### (Willful Refusal to Pay Wages v. All Defendants)

13. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

14. Plaintiff has demanded payment and Defendants have failed and refused to pay.

15. As a direct (proximate) result of Defendant's illegal deduction and/or willful failure to pay wages due and owing, Plaintiff is entitled to recoup the illegal deduction, unpaid wages, penalties, a waiting time penalty, costs, interest and attorney's fees. (California Labor Code §§ 201, 202, 203, 204, 206, 210, 216, 218.5, 218.6, 226 and 226.3).

16. In failing to pay Ms. Sciborski's wages, Defendant took an illegal deduction and made an unauthorized attachment of wages. (California Labor Code § 221, 224, 226 and 226.3).

17. As a direct (proximate) result of Defendant's conduct, Ms. Sciborski has incurred and continues to incur reasonable attorney's fees, costs, and interest.

18. Ms. Sciborski still has not received the full amount of her final paycheck due to Defendant's illegal deduction of wages. Ms. Sciborski is entitled to a waiting time penalty pursuant to California Labor Code § 203.

19. Plaintiff will amend this complaint when the exact amount of wages owed becomes known.

## SECOND CAUSE OF ACTION

### (Breach of Contract v. All Defendants)

20. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

21. Plaintiff and Defendants entered into a valid and binding contract for employment wherein Ms. Sciborski would perform various labor and services for Defendants in exchange for compensation.

22. Plaintiff has fully performed his obligations to Defendants under the contract of employment.

TYSON & TYSON, LLP
2550 FIFTH AVENUE, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92103

23. Nevertheless, Defendants have failed and refused to pay Ms. Sciborski for her labor and services. Furthermore, Defendant has indicated an unwillingness to remedy its breach, past or future. In failing to pay, Defendants have materially breached the terms of the contract.

24. Plaintiff has been damaged by, among other things, failing to receive wages pursuant to her employment contract with Defendants. Plaintiff will amend this complaint when the exact amount of damages has been determined.

## SECOND CAUSE OF ACTION

### (Constructive Discharge in Violation of Public Policy v. All Defendants)

25. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

26. Defendant, and each of them, in causing the termination of Ms. Sciborski and their failure to make prompt payment of wages and illegal deduction of wages, violated the public policy of the State of California. Specifically, the misconduct of Defendant constituted a violation of California public policy as embodied in *Phillips v. Gemini Moving Specialists* (1998) 63 Cal.4th 563; *Gould v. Maryland Sound Industries, Inc.*, (1995) 31 Cal.4th 1137.

27. As a legal (proximate) result of Defendant's conduct, Plaintiff has suffered the loss of wages, salary, benefits, raises, retirement, and additional amounts of money she would have received had she retained her position. Plaintiff has been damaged according to proof at trial.

28. As a further legal (proximate) result of Defendant's conduct, Plaintiff has suffered financial hardship, mental and emotional distress all in an amount to be proven at trial.

29. On information and belief, instead of investigating Ms. Sciborski's claim for the illegal deduction and unpaid wages Defendants, and each of them, ratified the conduct and willfully failed to pay wages due and owing with reckless disregard of the consequences to Plaintiff.

TYSON & TYSON, LLP
2550 FIFTH AVENUE, 9TH FLOOR
SAN DIEGO, CALIFORNIA 92103

4
COMPLAINT

1    30. On information and belief, Defendants' conduct was malicious, fraudulent

2  and/or oppressive and done with reckless disregard for Plaintiff's rights.

3    **WHEREFORE**, Plaintiff ANNE SCIBORSKI prays for judgment against

4  Defendants, and each of them, as follows:

5       1.  For general and compensatory damages according to proof at trial;

6       2.  For special damages according to proof at trial;

7       3.  For costs and attorney's fees pursuant to California Labor Code § 218.5;

8       4.  For interest pursuant to California Labor Code § 218.6;

9       5.  For a waiting time penalty pursuant to California Labor Code § 203;

10      6.  For costs of suit, expert fees and attorney's fees;

11      7.  For interest and prejudgment interest at the legal rate of 10%; and,

12      8.  For such other and further relief as the Court deems proper and just under all

13          the circumstances.

15  Dated: **4/7/08**

                          LARABEE & GRUENBERG;
16                        TYSON & TYSON, LLP

18                        By: _____
                              ZACHARY T. TYSON
19                            Attorneys for Annie Sciborski

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00081581-CU-OE-CTL    CASE TITLE: Sciborski vs. Pacific Bell Directory

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:        330 West Broadway | |
| MAILING ADDRESS:       330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:           Central | |

| |
|---|
| PLAINTIFF(S):   Annie Sciborski |
| DEFENDANT(S): Pacific Bell Directory |
| SHORT TITLE:    SCIBORSKI VS. PACIFIC BELL DIRECTORY |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00081581-CU-OE-CTL |
|---|---|

Judge: Charles R. Hayes                                          Department: C-66

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                    ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                          ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                  ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                          ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral  ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                               Name of Defendant

_____          _____
Signature                                       Signature

_____          _____
Name of Plaintiff's Attorney                    Name of Defendant's Attorney

_____          _____
Signature                                       Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 04/07/2008                               _____
                                                JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)          STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION          Page: 1

3

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 685-6022 | |

| PLAINTIFF(S) / PETITIONER(S): Annie Sciborski |
|---|
| DEFENDANT(S) / RESPONDENT(S): Pacific Bell Directory |

| SCIBORSKI VS. PACIFIC BELL DIRECTORY | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2008-00081581-CU-OE-CTL |

Judge:  Charles R. Hayes                                            Department: C-66

**COMPLAINT/PETITION FILED:** 04/07/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

SDSC CIV-721 (Rev. 11-06)

**NOTICE OF CASE ASSIGNMENT**                                    Page: 1

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Zachary T. Tyson (SBN#211185)
Tyson & Tyson, LLP
2550 Fifth Avenue, 9th Floor
San Diego, California 92103
  TELEPHONE NO: 619-237-9292     FAX NO.:
ATTORNEY FOR *(Name):* Annie Sciborski

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
  STREET ADDRESS: 330 West Broadway
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Diego, 92101
  BRANCH NAME: Central Division

**F I L E D**
Clerk of the Superior Court
APR 0 7 2008
By: J. Krigbaum, Clerk

CASE NAME:
Annie Sciborski v. Pacific Bell Directory et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2008-00081581-CU-OE-CTL |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
✓ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ✓ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
4. Number of causes of action *(specify):* Three
5. This case ☐ is  ✓ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 7, 2008
Zachary T. Tyson
_____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

)

EXHIBIT 2

1  MICHAEL C. SULLIVAN (SBN 131817)
   AARON A. BUCKLEY (SBN 202081)
2  **PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
   401 B Street, Tenth Floor
3  San Diego, California 92101-4232
   Telephone: 619-237-5200
4  Facsimile: 619-615-0700

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2008 MAY 16  P 12: 22

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

5  Attorneys for Defendant PACIFIC BELL DIRECTORY

6

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN DIEGO

10

11  ANNIE SCIBORSKI,                    CASE NO. 37-2008-00081581-CU-OE-CTL

12            Plaintiff,                **DEFENDANT PACIFIC BELL
                                        DIRECTORY'S ANSWER TO
                                        PLAINTIFF'S COMPLAINT**
13       v.

14  PACIFIC BELL DIRECTORY and
    DOES 1 through 25, inclusive,       Dept:            C-66
15                                      Judge:           Hon. Charles R. Hayes
            Defendants.                 Complaint Filed: April 7, 2008
16                                      Trial Date:      Not set

17

18

19        Defendant Pacific Bell Directory answers the unverified complaint of plaintiff

20  Annie Sciborski as follows:

21                          **GENERAL DENIAL**

22        Pursuant to the provisions of California Code of Civil Procedure section 431.30,

23  defendant generally denies each and every allegation of plaintiff's unverified complaint.

24                        **AFFIRMATIVE DEFENSES**

25                      **FIRST AFFIRMATIVE DEFENSE**

26                        (To All Causes of Action)

27       1.    The complaint, and each and every purported cause of action thereof, fails to

28  state facts sufficient to constitute a valid cause of action against defendant.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

DEFENDANT PACIFIC BELL DIRECTORY'S           1
ANSWER TO COMPLAINT

**SECOND AFFIRMATIVE DEFENSE**

(To All Causes of Action)

2.    All causes of action in plaintiff's complaint are barred by the applicable statutes of limitation, including, without limitation, California Code of Civil Procedure sections 337, 338, 339, 340 and 343.

**THIRD AFFIRMATIVE DEFENSE**

(To All Causes of Action)

3.    Without admitting the allegations of the complaint, Defendant alleges that if plaintiff suffered any loss or damage, such loss or damage was proximately caused, at least in part, by plaintiff's own failure to mitigate against her alleged damages and that, therefore, plaintiff's claims must be reduced, diminished or defeated by such amounts as should have been so mitigated.

**FOURTH AFFIRMATIVE DEFENSE**

(To All Causes of Action)

4.    By reason of plaintiff's conduct, she is barred under the doctrine of unclean hands from all forms of relief sought in her complaint.

**FIFTH AFFIRMATIVE DEFENSE**

(To All Causes of Action)

5.    Plaintiff is barred by the doctrine of waiver from all forms of relief sought in the complaint.

**SIXTH AFFIRMATIVE DEFENSE**

(To All Causes of Action)

6.    Plaintiff is barred by the doctrine of *in pari delicto* from all forms of relief sought in the complaint.

/ / /
/ / /
/ / /
/ / /

## SEVENTH AFFIRMATIVE DEFENSE

### (To All Causes of Action)

7. Plaintiff's claims are barred, in whole or in part, because plaintiff has failed to exhaust her administrative remedies, which are found in the collective bargaining agreement between her union, the International Brotherhood of Electrical Workers, AFL-CIO Local Union 2139 and defendant, her employer.

## EIGHTH AFFIRMATIVE DEFENSE

### (To All Causes of Action)

8. Plaintiff's claims are barred, in whole or in part, because they are preempted by section 301 of the federal Labor Management Relations Act, codified at 29 U.S.C. section 185.

## NINTH AFFIRMATIVE DEFENSE

### (To All Causes of Action)

9. Plaintiff's claims are barred, in whole or in part, because they are preempted by the federal National Labor Relations Act. See *San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon* (1959) 359 U.S. 236.

## TENTH AFFIRMATIVE DEFENSE

### (To All Causes of Action)

10. Plaintiff's claims are barred, in whole or in part, because the action involves interpretation or application of a collective bargaining agreement. See Labor Code section 229.

## ELEVENTH AFFIRMATIVE DEFENSE

### (To All Causes of Action)

11. Defendant currently has insufficient information available upon which to form a belief as to whether it has additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

/ / /

WHEREFORE, defendant prays as follows:

1.     That plaintiff's complaint and all claims and causes of action therein be dismissed with prejudice;

2.     That plaintiff take nothing by this action;

3.     That judgment be entered against plaintiff and in favor of defendant;

4.     That defendant be awarded its costs incurred in this action;

5.     That defendant be awarded its reasonable attorneys' fees in this action, including, but not limited to, reasonable attorneys' fees incurred as a result of plaintiff's claim for nonpayment of wages pursuant to Labor Code section 218.5; and

6.     That defendant be granted such other and further legal or equitable relief as the Court deems just and proper.

Dated: May 16, 2008

PAUL, PLEVIN, SULLIVAN &
CONNAUGHTON LLP

By: _Aaron A. Buckley_
MICHAEL C. SULLIVAN
AARON A. BUCKLEY
Attorneys for Defendant
PACIFIC BELL DIRECTORY

1   *Sciborski v. Pacific Bell Directory*
  *San Diego Superior Court, Case No. 37-2008-00081581-CU-OE-CTL*

2

3                                **PROOF OF SERVICE**

       I, Daphne Acebedo, declare that I am over 18 years of age and not a party to this action. I
4 am employed in, or am a resident of, the County of San Diego, California, and my business
address is Paul, Plevin, Sullivan & Connaughton LLP, 401 B Street, Tenth Floor, San Diego,
5 California 92101.

6        On May 16, 2008, I served the following document(s):

7       •  **DEFENDANT PACIFIC BELL DIRECTORY'S ANSWER TO PLAINTIFF'S
        COMPLAINT**

8
  on the interested party(ies) in this action by placing ☑ a true copy ☐ the original thereof in a
9 separate envelope and addressed as follows:

10     Joshua D. Gruenberg               Zachary T. Tyson
    Larabee & Gruenberg               Tyson & Tyson, LLP
11     2169 First Avenue                  2550 Fifth Avenue, 9th Floor
    San Diego, CA 92101              San Diego, CA 92103
12     Tel: 619-230-1234/Fax: 619-230-1074    Tel: 619-237-9292/Fax: 619-615-2173
    Attorneys for Plaintiff               Attorneys for Plaintiff

13
  ☑     (By **U.S. MAIL**) I then sealed each envelope and, with postage thereon fully prepaid, I
14        placed each for deposit with the United States Postal Service, this same day, at my
       business address shown above, following ordinary business practices.
15
  ☐     (By **OVERNIGHT DELIVERY**) I then sealed each envelope or package provided by
16        the overnight delivery carrier, with delivery fees paid or provided for, and placed the
       envelope or package for collection and overnight delivery at an office or a regularly
17        utilized drop box of the overnight delivery carrier, this same day, following ordinary
       business practices.
18
       I declare under penalty of perjury under the laws of the State of California that the
19 foregoing is true and correct.

20       Executed on May 16, 2008, at San Diego, California.

21

22                             DAPHNE ACEBEDO

23

24

25

26

27

28

PAUL PLEVIN
SULLIVAN &
CONNAUGHTON LLP

PROOF OF SERVICE           -1-

1   MICHAEL C. SULLIVAN (SBN 131817)
    email: msullivan@paulplevin.com
2   AARON A. BUCKLEY (SBN 202081)
    email: abuckley@paulplevin.com
3   **PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
    401 B Street, Tenth Floor
4   San Diego, California 92101-4232
    Telephone: 619-237-5200
5   Facsimile: 619-615-0700

6   Attorneys for Defendant
    PACIFIC BELL DIRECTORY

7

8               UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10   ANNIE SCIBORSKI,            CASE NO. **'08 CV 0878 WQH RBB**

11          Plaintiff,

12       v.                     **PROOF OF SERVICE**

13   PACIFIC BELL DIRECTORY and DOES
    1 through 25, inclusive,
14

15          Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

              1

**ORIGINAL**

# PROOF OF SERVICE

I, Daphne Acebedo, declare that I am over 18 years of age and not a party to this action. I am employed in, or am a resident of, the County of San Diego, California, and my business address is Paul, Plevin, Sullivan & Connaughton LLP, 401 B Street, Tenth Floor, San Diego, California 92101.

On May 16, 2008, I served the following document(s):

- **CIVIL CASE COVER SHEET**

- **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**

- **NOTICE OF PARTIES WITH A FINANCIAL INTEREST**

on the interested party(ies) in this action by placing ☑ a true copy ☐ the original thereof in a separate envelope and addressed as follows:

| | |
|---|---|
| Joshua D. Gruenberg | Zachary T. Tyson |
| Larabee & Gruenberg | Tyson & Tyson, LLP |
| 2169 First Avenue | 2550 Fifth Avenue, 9th Floor |
| San Diego, CA  92101 | San Diego, CA  92103 |
| Tel: 619-230-1234/Fax: 619-230-1074 | Tel: 619-237-9292/Fax: 619-615-2173 |
| Attorneys for Plaintiff | Attorneys for Plaintiff |

☑    (By **U.S. MAIL**) I then sealed each envelope and, with postage thereon fully prepaid, I placed each for deposit with the United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

☐    (By **OVERNIGHT DELIVERY**) I then sealed each envelope or package provided by the overnight delivery carrier, with delivery fees paid or provided for, and placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier, this same day, following ordinary business practices.

I declare that I am employed by the office of a member of the bar of this court at whose direction the service was made

Executed on May 16, 2008, at San Diego, California

_____
DAPHNE ACEBEDO

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
ANNIE SCIBORSKI

## DEFENDANTS
PACIFIC BELL DIRECTORY

'08 CV 0878 WQH RBB

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Mark B. Plummer (SBN 120098)
Law Offices of Mark B. Plummer
4676 Lakeview Ave., Suite 102
Yorba Linda, CA 92886
714-970-3131

ATTORNEYS (IF KNOWN)
Michael C. Sullivan (SBN 131817)
Aaron A. Buckley (SBN 202081)
PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP
401 B Street, Tenth Floor
San Diego, CA 92101 (619-237-5200)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. § 185 (Labor Management Relations Act) preempts Plaintiff's state law claims.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 316 Airplane Product Liability | Medical Malpractice | ☐ 625 Drug Related Seizure of | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 866 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 896 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removal from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 0.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   Docket Number _____

DATE
May 16, 2008

SIGNATURE OF ATTORNEY OF RECORD
*Aaron A. Buckley*   Aaron A. Buckley

15/01/5 $350 - MB 05/16/08

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

## ORIGINAL

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 151015   — MB**

**May 16. 2008
14:33:13**

**Civ Fil Non-Pris**
USAO #.: 08CV0878 CIVIL FILING
Judge..: WILLIAM Q HAYES
Amount.:                    $350.00 CK
Check#.: BC14196

**Total—>  $350.00**

FROM: ANNIE SCIBORSKI
      VS PACIFIC BELL DIRECTORY