ZACHARY T. TYSON (#211185)
TYSON & TYSON, LLP
2550 Fifth Avenue, 9th Floor
San Diego, California 92103
Phone: (619) 237-9292; Fax: (619) 615-2173

JOSHUA D. GRUENBERG (#163281)
LAW OFFICE OF JOSHUA D. GRUENBERG
2169 First Avenue
San Diego, California 92101
Phone: (619) 23-1234; Fax: (619) 230-1074

Attorneys for ANNIE SCIBORSKI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNIE SCIBORSKI,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BELL DIRECTORY and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 08-CV-878-WQH(RBB)<br><br>**NOTICE OF MOTION AND MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES; AND, DECLARATION OF ZACHARY T. TYSON IN SUPPORT THEREOF**<br><br>Date:       June 30, 2008<br>Time:       11:00 a.m.<br>Courtroom:  4<br>Judge:      Hon. William Q. Hayes<br><br>Complaint Filed: April 7, 2008<br>Removal Filed:   May 16, 2008<br><br>[No oral argument unless requested by the Court] |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **June 30, 2008**, at **11:00 a.m.**, or as soon thereafter as the matter can be heard in Courtroom No. 4 of the above-captioned court, located 940 Front Street, San Diego, California 92101, the Honorable William Q. Hayes presiding, Plaintiff ANNIE SCIBORSKI ("Ms. Sciborski") will move, and hereby does move this Court for an Order remanding this matter to the Superior Court of the State of California, Central Division of County of San Diego.

1

**MOTION FOR REMAND**

1  This motion is made on the ground that PACIFIC BELL DIRECTORY's removal is
2  improper under 28 U.S.C. 1447, and there is no federal removal jurisdiction over this case
3  under the "complete preemption" doctrine. Plaintiff further requests an award of
4  attorney's fees and costs pursuant to 28 U.S.C. 1447 (c).

5  This motion is based on this Notice and Motion, on all of the pleadings, records,
6  and papers on file in this action, the attached Memorandum of Points and Authorities, and
7  on the Declaration of Zachary T. Tyson filed concurrently herewith.

Respectfully submitted:

Dated: 5/27/08

TYSON & TYSON, LLP

By: _____
ZACHARY T. TYSON
Attorneys for Annie Sciborski

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This is an employment case concerning Pacific Bells Directory's illegal recoupment of wages paid to Annie Sciborski in violation of California Labor Code § 221. Section 221 of the California Labor Code makes it unlawful for an employer to collect or receive from an employee any part of the wages paid by the employer to the employee.

As such, the characterization of Ms. Sciborski's claims are purely statutory and not subject to § 301 preemption because they (1) are based on independent rights conferred by statute; and (2) not substantially dependent on interpretation of any collective bargaining agreement ("CBA").

Defendant has removed the action, alleging that Ms. Sciborski's claims are preempted by federal law because they purportedly require the interpretation of a CBA. They do not. First, the Ninth Circuit has repeatedly held that a CBA cannot waive or limit an employees non-negotiable and unwaivable state statutory claims. Second, the Supreme Court and the Ninth Circuit have made equally clear that simply because a defendant will defend an action by relying on provisions of a CBA, that does not mean that "complete preemption," which is required for removal jurisdiction, exists.

As will be shown below, Ms. Sciborski's claims are based entirely under California state law, do not rely on or require interpretation of the CBA. Remand is required.

## II.  SUMMARY OF THE CASE[1]

Ms. Sciborski worked for Pacific Bell Directory as an advertising consultant selling Yellow Page ads. In 2007, Ms. Sciborski sold an account for advertising to business customer, Expert Home Services. Thereafter, Pacific Bell Directory notified Ms. Sciborski that there had been an error and the Expert Home Services account should not have been assigned to her. In an attempt to recoup the wages already paid to Ms. Sciborski, Pacific Bell Directory began making deductions on her payroll. (See Complaint ¶ 6).

---

[1] It appears Plaintiff's counsel inadvertently numbered all factual allegations in Ms. Sciborski's complaint as paragraph number 6.

Tyson & Tyson, LLP
2550 Fifth Avenue, 9th Floor
San Diego, California 92103

# ARGUMENT

## III. THE REMOVAL STATUTE IS STRICTLY CONSTRUED, AND THE COURT MUST RESOLVE ANY DOUBTS IN FAVOR OF REMAND

Because of the "Congressional purpose to restrict jurisdiction of the federal courts on removal, the removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction and any doubt is resolved in favor of remand. *Shamrock Oil & Gas Corp. Sheets*, 313 U.S. 100, 108. The Court must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Here, federal subject matter jurisdiction does not exist and remand is required for at least two independent reasons. First, as explained in Section IV below, Ms. Sciborski's state law claims are independent and do not require the interpretation of the CBA. And, second, as explained in Section V, any theoretical preemption arguments do not inhere to the nature of Ms. Sciborski's claims; they are merely defensive in nature. Defensive preemption, unlike "complete preemption," does not support federal removal jurisdiction as the basis for Ms. Sciborski's underlying California public policy and Labor Code claims are not federal in character.

## IV. INTERPRETATION OF THE CBA IS NOT REQUIRED TO LITIGATE PLAINTIFF'S STATUTORY CLAIMS

Section 301 preempts only "claims founded directly on rights created by collective-bargaining agreements, and also claims 'subtantially dependent on the analysis of a collective-bargaining agreement." *Catepillar, Inc. v. Williams*, 482 U.S. 386 394 (1987). In *Caterpillar*, the Supreme Court expressly rejected the argument that "all employment-related matters involving unionized employees be resolved through collective bargaining and thus be governed by a federal common law created by § 301." *Id.* at 396 n. 10. Moreover, the Court explained "that § 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law, and . . . that it is the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement . . . that decides whether a state cause of action may go forward."

*Livadas v. Bradshaw*, 512 U.S. 107, 122-124.[2] Or, as the Ninth Circuit put it, the Supreme Court has "held that states may provide substantive rights to workers that apply without regard to a CBA; a state court suit seeking to vindicate these rights is preempted only if it 'requires the interpretation of a collective-bargaining agreement.'" *Cramer v. Consolidated Frieghtways, Inc.*, 255 F.3d 683, 690 (2001); quoting *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 413.

Here, in following the Supreme Court's framework, it is clear that Ms. Sciborski's state law claims are independent of any CBA and not preempted by § 301. Tellingly, absent from the defendant's Removal Notice is the identification of any disputed language in the CBA which would require construction or interpretation.

### A. The State Law Claims

All of Ms. Sciborski's state law claims derive from the same set of basic facts: Ms. Sciborski was paid wages on the Expert Home Services account; Pacific Bell Directory illegally attempted to deduct those wages paid on subsequent payroll periods; Ms. Sciborski disputed the deduction and resigned from her employment.

Section 221 of the California Labor Code expressly prohibits the employer from collecting or receiving from the employee any part of the wages paid by the employer to the employee. "[A]n employer is not entitled to a setoff of debts owing it by an employee against any wages due the employee." *Barnhill v. Robert Sanders & Co.* (1981) 125 Cal.App. 3d 1, 6. In California there is a strong public policy in favor of prompt payment of wages. That fundamental public policy prohibiting an attachment of wages transcends the employer-employee relationship, and reflects an independent state policy. *Gould v. Maryland Sound Industries, Inc.*, (1995) 31 Cal.App.4th 1137, 1148. And, a viable cause of action for wrongful termination in violation of public policy exists based on an employer's illegal deduction from wages. *Phillips v. Gemini Moving Specialists*, (1998) 63 Cal.App.4th 563, 574.

---

[2] Notably, in *Livadas*, the court held that not even a "colorable argument" could be made for preemption when the only issue was whether the defendant violated California Labor Code § 203 in failing to promptly pay wages upon discharge.

5

**MOTION FOR REMAND**

Here, there is simply no need to interpret the CBA to determine the relevant issue of whether the Defendants' attachment of wages violated California law. For instance, in *Gregory v. SCIE, LLC*, 317 F.3d 1050 (9th Cir. 2003) a unionized employee whose employment was governed by a CBA filed a state court action alleging overtime violations under California state law. *Id.* at 1051-1052. The Ninth Circuit remanded to state court, holding that there was no substantive preemption (and, thus, could not be "complete preemption"). *Id.* at 1052. The Court reasoned:

> Here, [Plaintiff's] claim is based entirely on state law. There is no dispute over the terms of the CBA or its interpretation. While overtime is calculated in accordance with the terms of the CBA, this case involves no issue concerning the method of calculation. The issue here is not *how* overtime rates are calculated but whether the *result* of the calculation complies with California law, i.e. whether Gregory is paid at premium wage rates for '[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week' as required by California law . . . This is a question of interpretation of state law, not of the CBA, that we leave to the state court. *Id.* at 1053.

Thus, there is absolutely no need to rely on or interpret any provision of the CBA. There is no mention of the CBA in the complaint, nor is there mention of any breach of it. Rather, resolution of Ms. Sciborski's claims rest entirely on whether or not Defendant violated California Labor Code in utilizing self-help remedies and illegal deducting her wages.

///
///
///

6
**MOTION FOR REMAND**

## V. COMPLETE PREEMPTION (AND THUS REMOVAL JURISDICTION) DOES NOT EXIST BECAUSE PLAINTIFF'S AFFIRMATIVE CLAIM FOR RELIEF IS BASED ON STATE LAW AND DEFENDANT'S DEFENSIVE ARGUMENTS CANNOT SUPPORT REMOVAL JURISDICTION

Under the "well-pleaded complaint rule," the plaintiff is the master of her complaint and can avoid federal jurisdiction by foregoing federal claims. *Caterpillar*, 482 U.S. at 398. Removal is permissible only if the federal question appears as an affirmative claim on the face of plaintiff's "well-pleaded complaint." *Id.* Thus, for complete preemption to apply, federal law must not merely preempt (and thus nullify) the state law claims, it must "wholly displace[]" them with a "parallel federal cause of action that would 'convert' a state cause of action into a federal action for purposes of the well-pleaded complaint rule." As stated by the U.S. Supreme Court : "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar*, 482 U.S. at 392.

Here, removal jurisdiction does not exist because Ms. Sciborski's California Labor Code § 221 claim, and her accompanying wrongful constructive discharge claim based on § 221, could not have been filed in federal court in the first instance.

## VI. ATTORNEY'S FEES ARE REQUESTED PURSUANT TO 28 U.S.C. § 1447

If grounds for removal are lacking or if there is a defect in the removal procedure, 28 U.S.C. § 1447(c) permits the district court upon an order remanding the case to impose just costs and any actual expenses, including attorney fees, incurred as a result of the removal. *Balcorta v. Twentieth Century-Fox Corporation*, 208 F.3d 1102, 1105 (9th Cir. 2000) (award of attorney's fees for wrongful removal is permitted when a defendant's removal, while fairly supportable, was wrong as a matter of law.) The court need not make a finding of bad faith for the imposition of attorney's fees. *Moore v. Permanente Medical Group, Inc.* 981 F.2d 433, 446 (9th Cir. 1992).

Here, Pacific Bell Directory's removal is improper. The issues raised in Ms. Sciborski's claim are whether defendant took an illegal deduction and constructively

discharged her employment. There is no need to interpret the CBA to determine whether Pacific Bell Directory's acts complied with California public policy and Labor Code sections designed to protect employees and ensure the prompt payment of wages free from illegal deductions. Rather, as in *Livadas*, defendant cannot even make a colorable argument that her claims are preemted by § 301.

Respectfully submitted,

Dated: 5/27/08

Tyson & Tyson, LLP

_____
Zachary T. Tyson

///
///
///

8
**MOTION FOR REMAND**

I, <u>Zachary T. Tyson</u>, hereby declare as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and admitted to practice before this Court. I am one of the attorneys of record herein for plaintiff ANNIE SCIBORSKI ("Ms. Sciborski") in the above-entitled action, and except as to those matters herein stated upon information and belief, the matters set forth in this Declaration are known to me personally, and if called and sworn as a witness, I could and would competently testify thereto.

2. My firm has expended 3.5 attorney hours for work I performed at my reasonable and standard hourly rate of $325 per hour in bringing Ms. Sciborski's Motion for Remand before the Court, including, review of defendant Pacific Bell Directory's Notice of Removal, drafting Ms. Sciborski's Notice of Motion and Motion for Remand, the instant declaration, and contacting the Clerk of Court to obtain a hearing date, all in an efficient fashion, together with a Proof of Service of the foregoing on opposing counsel for a reasonable expense of $1,137.50.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this **27th** day of May, 2008, in San Diego, California.



Zachary T. Tyson

**PROOF OF SERVICE**
Annie Sciborski v. Pacific Bell Directory *et al.*
Case No. 08-CV-878-WQH(RBB)

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN DIEGO, CENTRAL DIVISION**

I am employed in the County of San Diego, State of California. I am over the age of eighteen (18) years and am not a party to the action herein. My business address is 2550 Fifth Avenue, San Diego, California 92103. I caused the foregoing document(s) described as: **NOTICE OF MOTION AND MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES; AND, DECLARATION OF ZACHARY T. TYSON IN SUPPORT THEREOF** to be served on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Michael C. Sullivan
Aaron Buckley
PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP
401 B Street, Tenth Floor
San Diego, California 92101

    ___   **BY MAIL:** I sealed and placed such envelope for collection and mailing to be deposited in the mail on the same day in the ordinary course of business at San Diego, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with this firm's practice of collecting and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

    ___   **BY FAX:** In addition to service by mail, I transmitted a copy of the foregoing document(s) this date via facsimile.

    ___   **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on: _____, at San Diego, California

_____
Zachary T. Tyson, Esq.