ZACHARY T. TYSON (#211185)
TYSON & TYSON, LLP
2550 Fifth Avenue, 9th Floor
San Diego, California 92103
Phone: (619) 237-9292; Fax: (619) 615-2173

JOSHUA D. GRUENBERG (#163281)
LAW OFFICE OF JOSHUA D. GRUENBERG
2169 First Avenue
San Diego, California 92101
Phone: (619) 23-1234; Fax: (619) 230-1074

Attorneys for ANNIE SCIBORSKI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNIE SCIBORSKI,<br><br>            Plaintiff,<br><br>     v.<br><br>PACIFIC BELL DIRECTORY and DOES 1 through 25, inclusive,<br><br>            Defendants. | Case No. 08-CV-878-WQH(RBB)<br><br>**REPLY MEMORANDUM OF POINTS IN AUTHORITIES IN SUPPORT OF PLAINTIFF ANNIE SCIBORSKI'S MOTION FOR REMAND**<br><br>Date:         June 30, 2008<br>Time:         11:00 a.m.<br>Courtroom:  4<br>Judge:        Hon. William Q. Hayes<br><br>Complaint Filed: April 7, 2008<br>Removal Filed:   May 16, 2008<br><br>[No oral argument unless requested by the Court] |

**I.     Introduction**

In its opposition, Pacific Bell Directory argues that Ms. Sciborski's state law claims must be interpreted by the CBA because there is a question whether her commissions were "earned" versus "future commissions." This issue is a red herring for the court. As it will be shown below, it cannot be argued, in good faith, that not all of the terms and conditions were fully performed. Rather, the issue is whether Ms. Sciborski sold an account that was

1
**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF ANNIE SCIBORSKI'S MOTION FOR REMAND**

assigned to her allegedly "in error," and if so, does the CBA need to be interpreted to resolve her claims under Labor Code section 221.

Pacific Bell Directory also misapplies the legal standard with respect to independent, non-negotiable state rights. In *Miller v. AT&T Network Systems*, (9th Cir. 1988) 850 F.2d 543, 548, the court indicated: "In deciding whether a state law claim is preempted under section 301, therefore, a court must consider: (1) whether the CBA contains provisions that govern the actions giving rise to a state claim, and if so, (2) whether the state has articulated a standard sufficiently clear that the state claim can be evaluated without considering the overlapping provisions of the CBA, and (3) whether the state has shown an intent not to allow its prohibition to be altered or removed by private contract. A state will be preempted only if the answer to the first question is "yes," and the answer to either the second or third is "no.""

## II.     Defendant Has No Basis In Fact to Dispute that Wages were Earned

Pacific Bell Directory takes great pains to assert that "the deductions in question were to commission advances not yet earned. . ." (Opposition, Pg. 1, Ln. 16-17). However, Pacific Bell Directory has no good faith basis in fact for disputing any of the following:

1) Ms. Sciborski was the procuring cause for the advertisement sold to Expert Home Services;
2) The contract price was set by Pacific Bell Directory;
3) The contract price was paid, in full, by Expert Home Services to Pacific Bell Directory;
4) The commission rate was set by Pacific Bell Directory;
5) The commissions were paid, in full, to Ms. Sciborski;
6) The advertisement was published in November of 2007; and,
7) No further services were required under the contract.

As alleged in Ms. Sciborski's complaint, it was the "assignment" of the Expert Home Services account, and not the issue of earned commissions, which gives rise to the present dispute. (Complaint ¶ 6). By way of background, on April 11, 2007, Ms. Sciborski

was assigned the Expert Home Services account in Pacific Bell Directory's computerized IMS sales system.  Later that same month, Pacific Bell Directory implemented a change to a computerized CSS sales system.  Two or three months after completing the Expert Home Services advertisement, Ms. Sciborski was told that the account was erroneously assigned to her due to a "computer error" when the company transitioned to the CSS sales system.[1]  In March of 2008, Pacific Bell Directory began making deductions on Ms. Sciborski's payroll.

Clearly, the commissions paid to Ms. Sciborski in November of 2007 were "earned" commissions, and there is no disputed language contained in the CBA which requires interpretation.  More importantly, however, the CBA does not cover account assignments due to computer error; and, Pacific Bell Directory can offer no plausible explanation as to why interpretation of the CBA would be required to resolve this matter.

### III. An Employees Right to Payment is Non-Waivable and California Has Articulated a Clear Standard Under Labor Code § 221

Pacific Bell Directory cannot meet the second and third prong of the *Miller* test. An employees right to payment is non-waivable. *Barrentine v. Arkansas-Best-Frieght System, Inc.* (1981) 450 U.S. 728, 740. See also, *Barrentine v. Arkansas-Best Frieght System, Inc.* (1981) 450 U.S. 728, 740 (Wage and hour protections are generally non-waivable and may not be abridged by contract, including collective bargaining agreements). And, California has articulated a clear standard that can be evaluated in the absence of overlapping CBA provisions.  Labor Code § 221 is based on declared public policy which is intended to impose terms that a CBA cannot alter.  Moreover, mere similarity or incorporation of state-law protections within a CBA will not suffice for 301 preemption. *Miller v. AT&T Network Systems*, (9th Cir. 1988) 850 F.2d 543.

---

[1] Notably, Ms. Sciborski sold a small advertisement to Expert Home Services for approximately $800 dollars in May of 2007, and no issue of the assignment was ever raised.  It was not until Ms. Sciborski sold the advertisement totaling approximately $36,000 dollars that she was told there was a computer error and the assignment of the account should not have been made to her.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF ANNIE SCIBORSKI'S MOTION FOR REMAND**

The illegal deduction and attachment of wages is codified and enforced under state law. The CBA does not set forth a procedure for the attachment of wages, and "[c]learly, § 301, does not grant the parties to a collective bargaining agreement the ability to contract for what is illegal under state law." *Allis-Chalmers Corp. v. Lueck*, (1995) 471 U.S. 202, 212.

IV. Conclusion

For the reasons set forth above, together with those reasons set forth in the earlier memorandum, Ms. Sciborski respectfully requests that this court remand the case to state court. The burden of proof is on the defendant to establish federal jurisdiction. And, Pacific Bell Directory cannot legitimately show that any interpretation of the CBA is substantially dependant on the resolution of Ms. Sciborski's claims. Rather, the implication of Pacific Bell Directory's argument is that the mere assertion of a contractual defense, without even having to establish the validity of the defense, is enough to warrant preemption. Thus, defendant cannot establish any of the three prongs under the *Miller* test because California has articulated a clear standard for evaluating independent, non-waivable rights, irrespective of any purported overlapping.

Respectfully submitted:

Dated: _____

TYSON & TYSON, LLP

By: _____
    ZACHARY T. TYSON
    Attorneys for Annie Sciborski

---

4
**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF ANNIE SCIBORSKI'S MOTION FOR REMAND**