1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11  ANNIE SCIBORSKI,                )  Civil No. 08CV00878 WQH(RBB)
                                    )
12              Plaintiff,          )  CASE MANAGEMENT CONFERENCE
                                    )  ORDER REGULATING DISCOVERY AND
13  v.                              )  OTHER PRETRIAL PROCEEDINGS
                                    )
14  PACIFIC BELL DIRECTORY and DOES )  (Rule 16, Fed.R.Civ.P.)
    1 through 25, inclusive,        )  (Local Rule 16.1)
15                                  )
                Defendants.         )
16  _____ )

17  Pursuant to rule 16 of the Federal Rules of Civil Procedure, a

18  case management conference was held on June 30, 2008.  After

19  consulting with the attorneys of record for the parties and being

20  advised of the status of the case, and good cause appearing,

21      IT IS HEREBY ORDERED:

22      1.  All discovery shall be completed by all parties on or

23  before March 30, 2009.  All motions for discovery shall be filed no

24  later than thirty (30) days following the date upon which the event

25  giving rise to the discovery dispute occurred.  For oral discovery,

26  the event giving rise to the discovery dispute is the completion of

27  the transcript of the affected portion of the deposition.  For

28  written discovery, the event giving rise to the discovery dispute

                                    1

1    is the service of the response.  All interrogatories and document

2    production requests must be served by <u>January 26, 2009</u>.

3        2.    Plaintiff(s) shall serve on all other parties a list of

4    expert witnesses whom Plaintiff(s) expect(s) to call at trial by

5    <u>January 26, 2009</u>.  Defendant(s) shall serve on Plaintiff(s) a list

6    of expert witnesses Defendant(s) expect(s) to call at trial by

7    <u>February 23, 2009</u>.  Each party may supplement its designation in

8    response to the other party's designation no later than <u>March 9,</u>

9    <u>2009</u>.  The parties must identify any person who may be used to

10   present evidence pursuant to Rules 702, 703 or 705 of the Federal

11   Rules of Evidence.  This requirement is not limited to retained

12   experts.  The designation(s) shall comply with rule 26(a)(2) of the

13   Federal Rules of Civil Procedure and be accompanied by a written

14   report prepared and signed by each witness, including in-house or

15   other witnesses providing expert testimony.  The failure to fully

16   comply with these requirements may result in the exclusion of

17   expert testimony.  A written report is not required from a witness

18   giving testimony as a percipient expert.

19       3.    Any motion to join other parties, to amend the pleadings

20   or to file additional pleadings shall be filed and heard on or

21   before <u>December 29, 2008</u>.

22       4.    All other pretrial motions must be filed on or before

23   <u>April 27, 2009</u>.  Please be advised that counsel for the moving

24   party must obtain a motion hearing date from the law clerk of the

25   judge who will hear the motion.  **Be further advised that the period**

26   **of time between the date you request a motion date and the hearing**

27   **date may vary from one district judge to another.  Please plan**

28   **accordingly.**  For example, you should contact the judge's law clerk

1   in advance of the motion cutoff to calendar the motion.  Failure to

2   timely request a motion date may result in the motion not being

3   heard.

4        Questions regarding this case should be directed to the

5   judge's law clerk.  The Court draws the parties' attention to Local

6   Rule 7.1(e)(4) which requires that the parties allot <u>additional</u>

7   <u>time for service of motion papers by mail</u>.  Papers not complying

8   with this rule shall not be accepted for filing.

9        Briefs or memoranda in support of or in opposition to any

10  pending motion shall not exceed twenty-five (25) pages in length

11  without leave of the judge who will hear the motion.  No reply

12  memorandum shall exceed ten (10) pages without leave of the judge

13  who will hear the motion.

14       5.   Further settlement conferences shall be held at

15  appropriate intervals during the course of the litigation in the

16  chambers of Judge Ruben B. Brooks.  A further settlement conference

17  shall be held on <u>November 24, 2008, at 1:30 p.m.</u>  A mandatory

18  settlement conference date will be set at one of the scheduled

19  settlement conferences.

20       All parties, claims adjusters for insured Defendants and non-

21  lawyer representatives with complete authority to enter into a

22  binding settlement, as well as the principal attorneys responsible

23  for the litigation, must be present and legally and factually

24  prepared to discuss and resolve the case at the mandatory

25  settlement conference and at all settlement conferences.  Retained

26  outside corporate counsel shall not appear on behalf of a

27  corporation as the party representative who has the authority to

28

08CV00878 WQH(RBB)

1  negotiate and enter into a settlement.  Failure to attend or obtain
2  proper excuse will be considered grounds for sanctions.

3        If Plaintiff is incarcerated in a penal institution or other
4  facility, the Plaintiff's presence is not required at conferences
5  before Judge Brooks, and the Plaintiff may participate by
6  telephone.  In that case, defense counsel is to coordinate the
7  Plaintiff's appearance by telephone.

8        **Confidential written settlement statements for the mandatory**
9  **settlement conference shall be lodged directly in the chambers of**
10 **Judge Brooks no later than five court days before the mandatory**
11 **settlement conference.**  The statements need not be filed with the
12 Clerk of the Court or served on opposing counsel.  The statements
13 will not become part of the court file and will be returned at the
14 end of the conference upon request.  Written statements may be
15 lodged with Judge Brooks either by mail or in person.

16       Any statement submitted should avoid arguing the case.
17 Instead, the statement should include a neutral factual statement
18 of the case, identify controlling legal issues, and concisely set
19 out issues of liability and damages, including any settlement
20 demands and offers to date and address special and general damages
21 where applicable.

22       If appropriate, the Court will consider the use of other
23 alternative dispute resolution techniques.

24       6.   No Memoranda of Law or Contentions of Fact are to be
25 filed if this case is tried to a jury.  If this case is tried to
26 the Court, counsel shall serve on each other and file with the
27 Clerk of the Court their memoranda of contentions of fact and law
28 in compliance with Local Rule 16.1(f)(2) on or before August 10,

08CV00878 WQH(RBB)

2009.  In any event, on or before this date, all parties or their counsel shall also fully comply with the pretrial disclosure requirements of rule 26(a)(3) of the Federal Rules of Civil Procedure.

7.  Counsel shall confer and take the action required by Local Rule 16.1(f)(4) on or before August 14, 2009.  The parties shall meet and confer and prepare a proposed pretrial order.  A personal meeting between an incarcerated Plaintiff, acting in pro per, and defense counsel is not required.

At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment, lists of witnesses and their addresses including experts who will be called to testify and written contentions of applicable facts and law. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(2)(c).  Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

8.  The proposed final pretrial conference order, including objections to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures, shall be prepared, served and lodged with the Clerk of the Court on or before August 19, 2009, and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

9.  The final pretrial conference shall be held before the Honorable William Q. Hayes, United States District Judge, on August 24, 2009, at 11:00 a.m.

08CV00878 WQH(RBB)

1    10.  The dates and times set forth herein will not be modified

2  except for good cause shown.

3    11.  Plaintiff's(s') counsel shall serve a copy of this order

4  on all parties that enter this case hereafter.

5

6  Dated:  June 30, 2008

7                                        RUBEN B. BROOKS
                                         United States Magistrate Judge

8

9  cc:  All Parties of Record

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CASE RESOLUTION GUIDELINES

## Attendance

All parties and claims adjusters for insured Defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case.  Failure to attend or obtain proper excuse will be considered grounds for sanctions.

## Case Resolution Conference Briefs

Written statements, when specifically requested, shall be lodged in the chambers of Judge Brooks no later than five court days before the scheduled conference.  The statements will not become part of the court file.  Written statements may be submitted on a confidential basis and lodged with Judge Brooks either by mail or in person.

Any statement submitted should avoid arguing the case. Instead the statement should include a neutral factual statement of the case and concisely set out issues of liability and damages, including any settlement demands and offers to date, and address special and general damages where applicable.

If appropriate, the court will consider the use of other alternative dispute resolution techniques.

If you have any further questions, please feel free to contact my research attorney, at (619) 557-3404.